UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| FARZIN AZIMA<br>6707 West 131st Street<br>Overland Park, Kansas<br><br>                     Plaintiff<br><br>          v.<br><br>GERARD HEINAUER<br>Director, Nebraska Service Center<br>Citizenship and Immigration Services<br>850 S Street<br>Lincoln, Nebraska 68508<br><br>MICHAEL JAROMIN,<br>District Director,<br>Citizenship and Immigration Services<br>9747 NW Conant Ave.<br>Kansas City, Missouri 64153<br><br>EMILIO T. GONZALEZ,<br>Director, Citizenship and Immigration Services<br>425 I Street NW<br>Washington, DC 20536<br><br>MICHAEL CHERTOFF,<br>Secretary, Department of Homeland Security<br>425 I Street NW<br>Washington, DC 20536<br><br>ALBERTO GONZALES<br>Attorney General of the United States<br>US Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington DC 20530-0001<br><br>ROBERT S. MUELLER, III,<br>Director, Federal Bureau of Investigations<br>c/o Office of General Counsel   Room 7427<br>935 Pennsylvania Ave. N.W.<br>Washington DC 20535<br><br>                     Defendants | Civil Action No.<br><br>07-2204 KHV |

# COMPLAINT FOR MANDAMUS

To the Honorable Judge of Said Court:

## INTRODUCTION:

This action is brought by the Plaintiff to compel the Defendants to adjudicate the application for naturalization to United States citizenship filed by Farzin Azima for his naturalization. His Form N-400 Application for Naturalization has been on file with the Citizenship and Immigration Services (CIS) formerly known as the Immigration and Naturalization Service (INS)) since October 19, 2001, he had his interview with the CIS, which process included a fingerprint check with the Federal Bureau of Investigation, the verification of information contained on the application form, and his passing of the provided language, history and government test; and that he had been notified of the scheduling of his naturalization ceremony which had then been cancelled because of the failure of the CIS to get a security check for him and the defendants have subsequently refused to complete the case or either naturalize him to United States citizenship or refuse it for cause. The Defendants have no legitimate explanation for this five year delay.

## PARTIES:

1. The Plaintiff Farzin Azima is a citizen of Iran, lawfully admitted for permanent residence on May 24, 1983. He resides with his United States citizen wife and three children in Overland Park, Johnson County, Kansas. His immigration file number is A022 728 116.

2. Defendant Gerard Heinauer is the Director of the Nebraska Service Center of the United States CIS. He is authorized to exercise the authority delegated to him by the Secretary of the Department of Homeland Security and charged by regulation with the administration of provisions of the Immigration and Nationality Act and other laws and regulations related to the applications for legal status, including the acceptance for processing and processing of

applications for naturalization (Form N-400). He is responsible for the control, direction and supervision of the CIS service center and its employees in Lincoln, Nebraska and he is charged by the Secretary of the Department of Homeland Security with the duty to administer regulations to realize his delegated duties. He is here sued in his official capacity.

3. The Defendant Michael Jaromin is the Director of of the CIS district office located in Kansas City, Missouri, which office is charged by regulation with the administration of provisions of the Immigration and Nationality Act and other laws and regulations related to the applications for legal status, responsible for many application and actions of the CIS over individuals residing in Johnson County, Kansas, which responsibilities include the adjudication of Applications for Naturalization by Form N-400 submitted by lawful permanent resident aliens residing in Johnson County, Kansas. He is the officer of the CIS, an agency within the U. S. Department of Homeland Security, who is charged by law with the obligation of adjudicating applications by aliens lawfully admitted for permanent residence—such as Plaintiff—for naturalization as United States citizens and responsible for conduct of naturalization ceremonies and the issuance of certificates of naturalization. He is responsible for the control, direction and supervision of the CIS District Office located in Kansas City, Missouri and its employees and staff located in that office and he is charged by the Secretary of the Department of Homeland Security with the duty to administer regulations to realize his delegated duties. He is here sued in his official capacity.

4. That Emilio T. Gonzalez is the Director of the CIS located in Washington, D.C. and is the person charged by regulation with the administration of provisions of the Immigration and Nationality Act and other laws and regulations related to the applications for legal status, which responsibilities include the adjudication of Applications for Naturalization by Form N-400 submitted by lawful permanent resident aliens residing in this country. He is the officer of the CIS, an agency within the U. S. Department of Homeland Security, who is charged by law with the obligation of adjudicating applications by aliens lawfully admitted for permanent residence—such as Plaintiff—for naturalization as United States citizens and is the person ultimately responsible for the control, direction and supervision of the CIS District Office located in Kansas City,

Missouri and its employees and staff located in that office and he is charged by the Secretary of the Department of Homeland Security with the duty to administer regulations to realize his delegated duties. He is here sued in his official capacity.

5. That Michael Chertoff is the Secretary of the Department of Homeland Security and the person charged with the administration and enforcement of the immigration laws of this country. He has delegated authority to the other defendants in this cause, who are his employees, but carries the ultimate responsibility for their failure to comply with the immigration laws of the United States. He is here sued in his official capacity.

6. That Alberto Gonzales is the Attorney General of the United States, and as such, is the head of the United States Department of Justice and the Chief Law Enforcement Officer of the Federal Government. The Attorney General has the power to naturalize persons as citizens of the United States and holds the ultimate responsibility for the Federal Bureau of Investigation, a subdivision of the Justice Department. He is here sued in his official capacity.

7. That Robert S, Mueller is the Director of the Federal Bureau of Investigations ("FBI"). As Director of the FBI, he is charged with administering the FBI and its various assets. He has ultimate decision-making authority over the matters alleged in this complaint, specifically, the timely processing of security checks for purposes of adjudication of naturalization applications. He is here sued in his official capacity.

JURISDICTION:

8. This is a civil action brought pursuant to 28 U.S.C. §1331 and 1361 to redress the deprivation of rights. privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendant and those working under him to perform duties he owes to the Plaintiffs.

9. Jurisdiction is also conferred by 5 U.S.C. § 701 et seq. Plaintiffs are

aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts.

10. The aid of the Court is invoked under 28 U.S.C. §2201 and 2202, the Declaratory Judgement Act, authorizing a declaratory judgment.

11. Jurisdiction is also conferred by the provisions of, 8 U.S.C. §1447(b) and 8 U.S.C. §1421(c)

12. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, and 28 U.S.C. §2412(d) et seq.

## VENUE:

13. Venue is proper in Kansas City, Kansas and the District of Kansas since the Plaintiff resides in Overland Park, Johnson County, Kansas.

## REMEDY SOUGHT:

14. Plaintiff seeks to have the Court compel the District Director of the INS to adjudicate the N-400 application for naturalization which the Plaintiff Farzin Azima filed with the Defendant in October 2001. Plaintiff's claim to naturalization to United States citizenship under the provisions of 8 U.S.C.§1447(b) and 8 U.S.C.§1421(c).

## CAUSE OF ACTION:

15. Plaintiff filed his Form N–400 Application for Naturalization with the CIS on October 19, 2001, had his interview on his application on May 15, 2002, at which time he passed the English and United States history and government tests.

16. Plaintiff received a notice of Naturalization Oath Ceremony set for May 24, 2002 and appeared on the date of the set ceremony, but was informed that he could not attend the ceremony and take the oath of citizenship because of the pendency of an additional security check.

17. Subsequent to that time, in response to inquiries made to the CIS by Plaintiff and the undersigned counsel, Defendants have indicated that no decision could be made because of the continued pendency of Plaintiff's additional security check.

18. There is no reason that Plaintiff is disqualified for naturalization. Plaintiff has received multiple clearances from the Federal Bureau of Investigation of his criminal background, which he has none. Plaintiff states that even though the CIS may wish to investigate the case further, there is no reason or excuse for the investigation to take over five years.

19. Applicable regulations, more particularly 8 C.F.R. §335.3(a) provides that "(t)he Service officer shall grant the application if the applicant has complied with all requirements for naturalization under this chapter...." and further states that "(a) decision to grant or deny the application shall be made at the time of the initial examination of the applicant for naturalization under §335.2. The applicant shall be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter."

20. Plaintiff asserts that the Defendants have no legal basis for failing to proceed with the case.

21. Plaintiff has no administrative remedies. There are no administrative remedies provided for neglect of duty by Defendants. This Court does have the legal jurisdiction to review a denial of an application for naturalization by the CIS under the provisions of 8 C.F.R. §336.9.

22. The District Director, by failing to adjudicate the application, is denying the Plaintiff Farzin Azima the right to have the denial reviewed by this court and in addition, has in effect denied his application for naturalization without allowing him the judicial review allowed him by law.

23. Mandamus is appropriate because there is no other remedy at law. But Plaintiffs seek to compel a decision to be made, in terms of both mandamus

and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

PRAYER:

Wherefore, Plaintiff prays that the Court compel the Defendants to complete the adjudication of the Form N-400 application for naturalization filed by the Plaintiff Farzin Azima in a time period not to exceed 60 days, grant such other relief as may be proper under the circumstances, and grant attorneys fees and costs of court. Plaintiff further prays that if the decision is adverse to him, that the decision include justification an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the CIS's inaction to the attention of this Court.

Respectfully submitted,

ROBERT FRAGER
Second Floor Valley View Bank Bldg.
4550 Belleview Ave.
Kansas City, MO   64111-3506

Attorney for Petitioner

(816)756-5800
FAX (816)756-3001
E-mail: rfragerlaw@aol.com
Mo. Bar No. 17734
KS. Dist. Ct Reg. No.70726