**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FARZIN AZIMA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GERARD HEINAUER, DIRECTOR** | ) | |
| **NEBRASKA SERVICE CENTER, et al.,** | ) | **CASE NO. 07-2204-KHV** |
| | ) | |
| **DEFENDANTS.** | ) | |

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S COMPLAINT FOR MANDAMUS**

Pursuant to Fed. R. Civ. P. 8(b), (c), defendants Gerard Heinauer, Director

Nebraska Service Center, Michael Jaromin, District Director Kansas City, Missouri,

Office of United States Citizenship and Immigration Services (USCIS), Emilio T.

Gonzalez, Director USCIS, Michael Chertoff, Secretary Department of Homeland

Security, Alberto Gonzales, United States Attorney General, and Robert S. Mueller, III,

Director Federal Bureau of Investigation (FBI), by and through Eric F. Melgren, United

States Attorney for the District of Kansas, and Christopher Allman, Assistant United

States Attorney for the District of Kansas, hereby submit the following answer to

Plaintiff's Complaint for Mandamus ("Plaintiff's Complaint") filed herein by Plaintiff

Farzin Azima:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against the defendants upon which relief can be granted under any federal statute, regulation, or the United States Constitution.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over all or some of the claims asserted in Plaintiff's Complaint.

**THIRD DEFENSE**

Sovereign immunity bars all or some of the claims asserted in Plaintiff's Complaint.

**FOURTH DEFENSE**

All actions undertaken (including any inaction) by the defendants have been and are committed to the sole discretion of the Secretary of Homeland Security and/or the Attorney General and are not subject to judicial review in any court.

**FIFTH DEFENSE**

Defendants did not and do not have a discrete, ministerial duty to process the immigration application described in Plaintiff's Complaint.

**SIXTH DEFENSE**

Any delay in processing the immigration application described in Plaintiff's Complaint has not been unlawful or unreasonable and plaintiff has not been prejudiced by any delay.

## SEVENTH DEFENSE

The actions of the defendants have not been and are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## EIGHTH DEFENSE

The Declaratory Judgment Act does not itself confer federal subject matter jurisdiction to this Court.

## NINTH DEFENSE

The Administrative Procedures Act does not itself confer federal subject matter jurisdiction to this Court.

## TENTH DEFENSE

The claims asserted in Plaintiff's Complaint are not clear, certain, and non-discretionary.

## ELEVENTH DEFENSE

The alleged duty of the defendants to process the immigration application described in Plaintiff's Complaint is not so plainly prescribed as to be free from doubt.

## TWELFTH DEFENSE

The actions of the defendants have not been clearly arbitrary and unreasonable.

## THIRTEENTH DEFENSE

The actions of the defendants (including any delay in processing the immigration application described in Plaintiff's Complaint) have substantial relations to the public health, safety, morals, general welfare, or national security of the United States.

**FOURTEENTH DEFENSE**

Plaintiff's Complaint must be dismissed inasmuch as plaintiff has not produced and cannot produce legally sufficient evidence establishing that the defendants have unreasonably delayed processing the immigration application described in Plaintiff's Complaint.

**FIFTEENTH DEFENSE**

Without waiving any of the defenses set forth above, or other defenses available at law or equity, the defendants answer the separately numbered paragraphs of Plaintiff's Complaint as follows:

**INTRODUCTION**

The introductory paragraph of Plaintiff's Complaint constitutes plaintiff's description and argument forming the basis of his cause of action, to which no answer is necessary.  To the extent an answer is necessary, defendants admit that plaintiff filed a Form N-400 naturalization application with Defendant USCIS on or about November 5, 2001, that plaintiff was interviewed by Defendant USCIS on May 15, 2002, and that plaintiff passed the required English language, history, and civics tests.  Defendants further admit that a naturalization ceremony was scheduled and canceled due to the pendency of a mandatory national security background check, commonly referred to as the "FBI name check."  All other averments contained in the Introductory paragraph are denied.

**PARTIES**

1.      The averments contained in Paragraph 1 describing Plaintiff Farzin Azima are admitted.

4

2.      The averments contained in Paragraph 2 describing Defendant Gerard Heinauer are admitted.

3.      The averments contained in Paragraph 3 describing Defendant Michael Jaromin are admitted.

4.      The averments contained in Paragraph 4 describing Defendant Emilio T. Gonzalez are admitted.

5.      The averments contained in Paragraph 5 describing Defendant Michael Chertoff are admitted.

6.      The averments contained in Paragraph 6 describing Defendant Alberto Gonzales are admitted except that he does not have power to naturalize persons as citizens of the United States.

7.      The averments contained in Paragraph 7 describing Defendant Robert S. Mueller are admitted except that he does not have any decision-making authority over the adjudication of plaintiff's naturalization application.

### JURISDICTION

8.      Paragraph 8 contains plaintiff's jurisdictional arguments to which no answer is necessary.  To the extent an answer is necessary, defendants deny that this Court has jurisdiction under the federal question statute or the federal mandamus statute.

9.      Paragraph 9 contains plaintiff's jurisdictional arguments to which no answer is necessary.  To the extent an answer is necessary, defendants deny that this Court has jurisdiction under the Administrative Procedures Act.

5

10.     Paragraph 10 contains plaintiff's jurisdictional arguments to which no answer is necessary.  To the extent an answer is necessary, defendants deny that this Court has jurisdiction under the Declaratory Judgment Act.

11.     Paragraph 11 contains plaintiff's jurisdictional arguments to which no answer is necessary.  To the extent an answer is necessary, defendants deny that this Court has jurisdiction under either 8 U.S.C. § 1447(b) or 8 U.S.C. § 1421(c).

12.     Defendants deny that plaintiff is entitled to costs and/or attorney fees under the Equal Access to Justice Act.

**VENUE**

13.     Defendants admit venue as argued in Paragraph 13.

**REMEDY SOUGHT**

14.     Paragraph 14 constitutes plaintiff's remedy sought, to which no answer is necessary.  To the extent an answer is necessary, defendants deny the averments contained in Paragraph 14 in that no naturalization application can be adjudicated favorably without the favorable completion of all mandatory criminal and national security background checks.

**CAUSE OF ACTION**

15.     Defendants admit that plaintiff filed his Form N-400 naturalization application between October 19, 2001 and November 5, 2001, and that Defendant USCIS interviewed plaintiff concerning the application on May 15, 2002, at which time plaintiff passed the English and United States history and government tests.

16.     Defendants admit that Defendant USCIS issued a notice of naturalization oath ceremony to plaintiff for May 24, 2002.  Defendants further admit that the

naturalization oath ceremony for plaintiff was cancelled because of the pendency of the mandatory national security background check, commonly referred to as the "FBI name check."

17.     Defendants admit that Defendant USCIS informed plaintiff in response to plaintiff's inquiries that no decision could be made on the naturalization application because the FBI name check remained pending.

18.     Defendants deny the averments contained in Paragraph 18.

19.     The averments contained in Paragraph 19 constitute legal argument to which no answer is necessary.

20.     Defendants deny the averments contained in Paragraph 20.

21.     Defendants deny that plaintiff has no administrative remedy.  Defendants admit that this Court does have jurisdiction to review the denial of a naturalization application but deny that plaintiff's naturalization application has been denied.

22.     The averments contained in Paragraph 22 constitute legal argument to which no answer is necessary.  To the extent an answer is necessary, defendants deny that an unadjudicated naturalization application is the equivalent of a denied naturalization application.

23.     The averments contained in Paragraph 23 constitute legal argument to which no answer is necessary.  To the extent an answer is necessary, defendants deny that the federal mandamus statute or the Administrative Procedures Act are appropriate in cases concerning the mandatory national security background check for naturalization applications.

7

**PRAYER**

The balance of Plaintiff's Complaint constitutes his prayer for relief to which no answer is necessary.  To the extent a response is deemed appropriate, Defendants deny that this Court can order Defendant USCIS to complete the adjudication of plaintiff's naturalization application while resolution of plaintiff's FBI name check remains pending.  Defendants further deny that plaintiff can establish eligibility for Equal Access to Justice Act attorney's fees and/or costs.

All allegations that have not been specifically admitted are hereby denied.

Respectfully submitted,

ERIC F. MELGREN
United States Attorney

By:    /s/ CHRISTOPHER ALLMAN
CHRISTOPHER ALLMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ks. S.Ct. No. 14225
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
Email:  chris.allman@usdoj.gov

Attorney for Defendants

ELECTRONICALLY FILED

Of counsel:
Pauline Appelbaum, Esquire
DHS-U.S. Citizenship and Immigration Services
USCIS Associate Regional Counsel
126 Northpoint, Room 2005
Houston, TX  77060

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, July 30, 2007, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert Frager
Email:  rfragerlaw@aol.com

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

None.

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney